**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

SOUTHERN NEW HAMPSHIRE UNIVERSITY
2500 North River Road
Manchester, New Hampshire 03106,

    Plaintiff,

v.

SNHU.com, an Internet Domain Name,

    Defendant.

Civil Action No. 1:24-cv-765

**COMPLAINT**

Plaintiff Southern New Hampshire University ("SNHU"), through counsel, alleges as follows for its *in rem* Complaint against Defendant SNHU.com (the "Defendant Domain Name").

**NATURE OF THE SUIT**

1. This is an *in rem* action for cybersquatting under the Federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), for trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1), and trademark counterfeiting under 15 U.S.C. § 1116(d)(1).

2. SNHU's valuable rights in the distinctive and federally registered SNHU mark have been deliberately infringed through the bad faith registration and/or use of the Defendant Domain Name, which mimics the SNHU trademark and is being used to improperly divert consumers away from the legitimate SNHU website by creating confusion as to the source, sponsorship, affiliation, or endorsement of the sites displayed through use of the Defendant Domain Name—including sites configured by the registrant of the Defendant Domain Name to be displayed at third level domains that mimic SNHU's legitimate sites (e.g., studentaid.snhu.**com** vs. studentaid.snhu.**edu**).

3. If infringement of SNHU's valuable rights in the famous and distinctive SNHU mark is allowed to continue, it will cause irreparable harm both to SNHU and to consumers.

## PARTIES

4. Southern New Hampshire University is a New Hampshire 501(c)(3) non-profit corporation with its principal place of business at 2500 North River Road, Manchester, NH 03106, USA.

5. SNHU.COM is an Internet domain name which, according to the WhoIs registration data, is registered to an unidentified person/entity using the privacy service Global Domain Privacy Services Inc. to conceal his/her/its identity and location. A copy of the domain name registration record is attached hereto as Exhibit 1. The domain wholly incorporates SNHU's protected SNHU mark with the addition of the .com generic top-level domain name.

## JURISDICTION AND VENUE

6. This is a civil action for federal cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), trademark infringement in violation 15 U.S.C. § 1114(1), and trademark counterfeiting in violation of 15 U.S.C. § 1116(d)(1).

7. This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A). *In rem* jurisdiction is appropriate under 15 U.S.C. § 1125(d)(2)(A) because the registrant of the Defendant Domain Name is using a privacy service located in Panama, and SNHU cannot obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A). Alternatively, the court also has *in rem* jurisdiction because SNHU, despite its due diligence, has been unable to find a person who would

have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

9. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), concurrently with the filing of this complaint, SNHU will give notice of the violations of its rights, and its intent to proceed *in rem*, to the contact information set forth in the registration records for the Defendant Domain Name.

10. Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) in that the registry operator of the .COM domain registry, VeriSign, Inc., is situated in this judicial district, and the Defendant Domain Name is a .COM domain name.

## SNHU'S RIGHTS IN THE SNHU MARK

11. Southern New Hampshire University is a private, nonprofit, accredited institution with more than 3,000 on campus students and over 200,000 online students, making it one of the fastest growing universities in the nation.

12. Since its founding in 1932, SNHU has transformed from a school of accounting and secretarial science into an institution offering over 200 programs, from certificates to doctoral level degrees including business, education, liberal arts, social sciences, and STEM.

13. Over the years, SNHU has received various accolades for its educational services, including:

- Named 2020 Most Innovative University in the North and one of the nation's "Best Regional Universities" by U.S. News & World Report;

- Awarded the 21st Century Distance Learning Award for Excellence in Online Technology by The United States Distance Learning Association (USDLA);

- Named "Great College to Work For" by the Chronicle of Higher Education every year since its inception; and

- One of Fast Company's 50 Most Innovative Companies (2012).

14. Since 2005, SNHU has been actively and continuously developing, offering, and supplying a wide range of educational goods and services under the SNHU mark to individuals across the United States and the world.

15. The SNHU mark is often used as a word mark and displayed as plain text. At times, the SNHU mark is displayed in a stylized form with a design, as shown below:



SNHU has consistently used this composite mark in association with its educational services for several years (collectively with the SNHU word mark, the "SNHU Marks").

16. SNHU offers an array of educational goods and services under the SNHU Marks, including online and in-person classes, course catalogues, school apparel, and school supplies. These goods and services are available across the United States.

17. SNHU has actively participated in marketing activities such as year-round marketing campaigns including commercials on major TV and streaming networks, targeted Google ad campaigns for paid search, paid social & social influencer campaigns, and organic content published on the website, as well as on social media platforms like YouTube and TikTok. SNHU also maintains social media accounts which have large amounts of followers including LinkedIn (350,000 followers), Facebook (317,000 followers), Instagram (45,000 followers), X (24,000 followers), YouTube (30,000 followers), and TikTok (10,000 followers). All of these efforts prominently feature the SNHU Marks.

18. In connection with its goods and services, SNHU registered the SNHU.edu domain

name in the early 2000s and started using the domain name to promote its educational services as early as January of 2002. Additionally, SNHU uses the SNHU.edu domain name to provide online access to SNHU students through the my.SNHU.edu third-level domain name.

19. Furthermore, SNHU has defensively registered the SNHU.net and SNHU.org domains and configured them to redirect to the SNHU.edu domain name.

20. SNHU also has registered the trade name "Southern New Hampshire University" with the New Hampshire Department of State.

21. Consumers have come to distinguish and recognize the legitimacy of SNHU's services as a result of the use and widespread promotion of the SNHU Marks.

22. Based on SNHU's extensive use and promotion of the SNHU Marks, and the recognition and goodwill the marks have achieved in the eyes of the consuming public, the SNHU Marks are distinctive and/or famous, and are entitled to broad common law trademark rights.

23. In addition to its common law trademark rights, Plaintiff possesses statutory rights in the SNHU Marks by virtue of its ownership of U.S. trademark registrations for the SNHU and the SNHU.EDU marks on the Principal Trademark Register of the U.S. Patent and Trademark Office covered by incontestable registration numbers 5170802 and 4568328. True and accurate copies of these registrations are attached as Exhibit 2.

24. SNHU also owns federal trademarks for its SOUTHERN NEW HAMPSHIRE UNIVERSITY marks, which are covered by incontestable registration numbers 4058815 and 4058816. True and accurate copies of these registrations are attached as Exhibit 3.

25. SNHU's incontestable federal registrations for the SNHU Marks are *conclusive* evidence of the validity of the marks, of SNHU's ownership of the marks, and of SNHU's exclusive right to use the marks in U.S. commerce.

## UNLAWFUL REGISTRATION AND
## USE OF THE DEFENDANT DOMAIN NAME

26. The Defendant Domain Name consists entirely of the SNHU mark, with the addition of the .COM generic top-level domain and was re-registered on February 26, 2021, with the registrar URL Solutions, Inc. *See* Exhibit 4.

27. The Defendant Domain Name appears to have been registered for the purpose of, *inter alia*, obtaining Internet visitors when such visitors were attempting to reach SNHU's services.

28. The Defendant Domain Name has been configured to display pay-per-click advertisements related to SNHU's educational services, including advertisements that fully incorporate the SNHU mark.





29. Upon information and belief, the registrant of the Defendant Domain Name receives compensation when Internet visitors, who were attempting to reach SNHU's services, click on a link provided by the Defendant Domain Name to a third-party website.

30. Additionally, the Defendant Domain Name has been set up for email services, and upon information and belief, to send email for the purpose of unlawful impersonation of SNHU.

31. The registrant of the Defendant Domain Name has also configured the Defendant Domain Name to resolve to numerous third-level domains specifically related to SNHU's educational services that display similar pay-per-click advertising.

32. For example, the Defendant Domain Name resolves to the third-level domain my.SNHU.com, which is meant to be confused with SNHU's internal student portal located at my.SNHU.edu.



33. Other examples of the third-level domains configured by the registrant of the Defendant Domain Name include studentaid.snhu.com, my.blackboard.snhu.com, alumni.snhu.com, vmail.snhu.com and admissions.snhu.com, which all mimic legitimate .edu third-level domains used by SNHU and have all been configured to display links and advertisements related to SNHU and its educational services:

studentaid.snhu.com



my.blackboard.snhu.com



alumni.snhu.com



vmail.snhu.com



admissions.snhu.com



34. Upon information and belief, these third-level domains are intended to divert visitors away from SNHU's legitimate educational services, and/or are intended to defraud visitors who are misled into believing they are accessing and/or purchasing SNHU's legitimate offerings.

35. The use of the SNHU mark within the Defendant Domain Name is without authorization from SNHU.

36. Upon information and belief, the Defendant Domain Name does not and cannot reflect the legal name of the registrant of the Defendant Domain Name.

37. Upon information and belief, the registrant of the Defendant Domain Name has not engaged in bona fide noncommercial or fair use of the SNHU mark in a website accessible under the Defendant Domain Name.

38. The websites displayed by the registrant of the Defendant Domain Name are likely to be confused with SNHU's legitimate online location at SNHU.edu and my.SNHU.edu.

39. Upon information and belief, the registrant of the Defendant Domain Name

registered the Defendant Domain Name with the intent to divert consumers away from SNHU's website, for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Defendant Domain Name.

40. Upon information and belief, the registrant of the Defendant Domain Name provided material and misleading false contact information when applying for and maintaining the registration of the Defendant Domain Name in that the person or entity identified as the registrant of the Defendant Domain Name is not the true owner of the Defendant Domain Name.

41. The owner of the Defendant Domain Name is unknown because the registrant of the Defendant Domain Name uses a service that replaces the domain name owner's contact information with "Private Whois," and thereby conceals the identity of the true owner of the domain name.

## COUNT ONE:
### (Violation of the Federal Anti-Cybersquatting Consumer Protection Act)

42. SNHU repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

43. SNHU's SNHU mark is distinctive and was distinctive prior to the time of operative registration of the Defendant Domain Name.

44. The aforesaid acts by the registrant of the Defendant Domain Name constitute registration, maintenance, trafficking in, and/or use of a domain name that is confusingly similar to SNHU's SNHU mark, with bad-faith intent to profit therefrom.

45. In light of the concealment of the identity of the true owner of the Defendant Domain Name, SNHU is not able to obtain *in personam* jurisdiction over the registrant of the Defendant Domain Name or any other person who would have been a defendant in a civil action under 15 U.S.C. §1125(d)(1)(A) or, alternatively, SNHU, despite its due diligence, has been unable

to find a person who would have been a defendant in a civil action under 15 U.S.C. §1125(d)(1)(A).

46. The aforesaid acts by the registrant of the Defendant Domain Name constitute unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

47. The aforesaid acts have caused, and are causing, great and irreparable harm to SNHU and the public. The harm to the public includes the potential for fraud stemming from use of the domain that is intended to mislead consumers into assuming an association with SNHU. The harm to SNHU includes harm to the value and goodwill associated with the SNHU mark that money cannot compensate. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue.

48. Pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), SNHU is entitled to an order directing the registry for the Defendant Domain Name to change the current registrar to SNHU's registrar of choice and directing the registrant to be changed to SNHU.

**COUNT TWO:**
**(Trademark Infringement)**

49. SNHU repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

50. At the time the Defendant Domain Name was registered and/or used, SNHU possessed valid federal trademark rights in the famous and/or distinctive SNHU mark.

51. The use of the Defendant Domain Name to display pay-per-click advertising is a use in commerce.

52. The use of the Defendant Domain Name affects SNHU's ability to use its SNHU mark in commerce.

53. The Defendant Domain Name and its registrant have no valid rights in the SNHU

mark.

54. At the time the Defendant Domain Name was registered and/or used, the Defendant Domain Name and its registrant were on actual notice of the existence of SNHU's superior rights in its SNHU mark by reason of the existence, at that time, of SNHU's federal trademark rights.

55. Use of the SNHU mark by the Defendant Domain Name and its registrant is without permission or authorization of SNHU.

56. The aforesaid use of the Defendant Domain Name has caused and is likely to continue to cause confusion, mistake, and/or deception among consumers and the public leading the public falsely to believe that the Defendant Domain Name and/or the websites provided thereunder are those of, are sponsored or approved by, or are in some way connected with SNHU.

57. The aforesaid use of the Defendant Domain Name constitutes direct infringement of Plaintiff's trademark rights in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**COUNT THREE:**
**(Trademark Counterfeiting)**

58. SNHU repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

59. The Defendant Domain Name is intentionally and knowingly using counterfeit versions of the SNHU mark in connection with the websites that are being used to promote educational services typical of the type offered by SNHU.

60. The Defendant Domain Name has used spurious designations that are identical with, or substantially indistinguishable from, the SNHU mark on goods and/or services covered by the federal registrations for such marks, including, for example, fraudulent websites designed to replicate SNHU's legitimate educational services.

61. The Defendant Domain Name has used these spurious designations knowing they are counterfeit in connection with the advertisement, promotion, sale, offering for sale and distribution of goods and/or services.

62. The Defendant Domain Name's use of the counterfeit SNHU mark on a fraudulent website used to advertise, promote, offer for sale, distribute, and sell goods and/or services was, and is, without the consent of SNHU.

63. The Defendant Domain Name's unauthorized use of the counterfeit SNHU marks on fraudulent websites in connection with advertisement, promotion, sale, offering for sale and distribution of goods and/or services constitutes use of the SNHU mark in commerce.

64. The unauthorized use by the Defendant Domain Name of the SNHU mark as set forth above is likely to: (a) cause confusion, mistake and deception; (b) cause the public to believe that the products and/or services offered by the Defendant Domain Name are authorized, sponsored or approved by SNHU or that the Defendant Domain Name is affiliated, connected or associated with or in some way related to SNHU; and (c) result in the registrant of the Defendant Domain Name unfairly benefitting from SNHU's advertising and promotion and profiting from the reputation of SNHU and the SNHU mark, all to the substantial and irreparable injury of the public and SNHU.

65. The aforesaid acts by the Defendant Domain Name constitute willful trademark counterfeiting in violation of Sections 32 and 34 of the Lanham Act, 15 U.S.C. § 1114 and 1116(d)(1).

**PRAYER FOR RELIEF**

WHEREFORE, Southern New Hampshire University respectfully requests of this

Court:

1. That judgment be entered in favor of SNHU on its claims of cybersquatting, trademark infringement, and trademark counterfeiting.

2. That the Court order immediate preliminary and permanent injunctive and other equitable relief to disable and/or transfer the Defendant Domain Name.

3. That the Court order the domain registry for the Defendant Domain Name to change the registrar for the Defendant Domain Name to SNHU's registrar of choice and by such registrar's change of the registrant to SNHU.

4. That the registrar of any other domain names registered by the registrant of the Defendant Domain Name that resemble or include the SNHU mark be replaced with SNHU's registrar of choice and that such registrar change the registrant(s) to SNHU.

5. That the Court order an award of costs and reasonable attorney's fees incurred by SNHU in connection with this action pursuant to 15 U.S.C. § 1117(a); and

6. That the Court order an award to SNHU of such other and further relief as the Court may deem just and proper.

Dated: May 7, 2024   By:   /s/ Attison L. Barnes, III
Attison L. Barnes, III (VA Bar No. 30458)
David E. Weslow (for *pro hac vice*)
Spencer C. Brooks (VA Bar No. 94676)
**WILEY REIN LLP**
2050 M St. NW
Washington, DC 20036
Tel: (202) 719-7000
abarnes@wiley.law
dweslow@wiley.law
scbrooks@wiley.law

*Counsel for Plaintiff*
*Southern New Hampshire University*